UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY, <br> Plaintiff, <br> v. <br> KRAFT FOODS GLOBAL, INC., <br> Defendant. | Case No.: 1:08cv655 <br> Dlott <br> **COMPLAINT FOR PATENT INFRINGEMENT** <br> **DEMAND FOR JURY TRIAL** |

Plaintiff The Procter & Gamble Company ("P&G"), for its Complaint against defendant Kraft Foods Global, Inc. ("Kraft"), alleges as follows:

### THE PARTIES AND THEIR PRIOR LITIGATION

1. Plaintiff P&G is an Ohio corporation with its principal place of business in Cincinnati, Ohio.

2. Defendant Kraft is a Delaware corporation with its principal place of business in Northfield, Illinois.

3. P&G was awarded two United States utility patents related to its innovative packaging for roast and ground coffee: U.S. Patent No. 7,169,418 (the "'418 Patent") and U.S. Patent No. 7,169,419 (the "'419 Patent"). On August 27, 2007, P&G brought an action against Kraft for infringement of the '418 Patent based on Kraft's manufacture, use, sale or offer for sale of its Maxwell House roast and ground coffee in a 39-ounce, plastic container. This action was filed in the United States District Court for the Northern District of California (Case No. 07-04413). The court stayed that action pending Kraft's appeal of the U.S. Patent and Trademark Office's ("USPTO") determination, in response to Kraft's Request for Inter Partes Reexamination, that all 55 claims of the '418 Patent are valid.

4. In connection with a lawsuit initiated by Kraft, on October 31, 2007 P&G filed a counterclaim and a third party complaint against Kraft for infringement of the '419 Patent

based on Kraft's manufacture, use, sale or offer to sell its Maxwell House roast and ground coffee in a 39-ounce, plastic container. Kraft's lawsuit – and P&G's counterclaim and third party complaint in response to it – were filed in the United States District Court for the Western District of Wisconsin (Case No. 07-C-0613S), but, on February 13, 2008, the Wisconsin Court transferred P&G's counterclaim and third party complaint to the United States District Court for the Northern District of California (Case No. 08-00930). On August 15, 2008, the California Court stayed the transferred action pending Kraft's appeals regarding the '418 reexamination proceedings (including both Kraft's original inter partes reexamination and a second, ex parte reexamination proceeding also initiated by Kraft); notwithstanding the stay, however, the Court entered an order permitting P&G to obtain certain discovery related to its infringement claim against Kraft.

## JURISDICTION

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 et seq. The Court has personal jurisdiction over Kraft because the acts complained of have taken place in this district, including, on information and belief, through Kraft's sale and offer for sale of infringing products in Sam's Club stores located in Columbus, Ohio. Kraft has established minimum contacts with this district such that the exercise of jurisdiction over Kraft would not offend traditional notions of fair play and substantial justice.

## VENUE

6. Kraft does business in this district, including, on information and belief, by selling and offering for sale infringing products in Columbus, Ohio. P&G was unable to find the infringing product for sale in Sam's Club stores located in the Northern District of California, where P&G's claims for infringement based on Kraft's sale of its 39-ounce, plastic coffee

2

container are pending. Sam's Club's website also shows that Kraft's 48-ounce Maxwell House coffee is not available at Sam's Club stores located in the Northern District of California, but is available at Sam's Club stores located in the Southern District of Ohio. Venue is proper in this district pursuant to 28 U.S.C. §§ 1331, 1391(b), (c) and 1400(b).

### INFRINGEMENT OF U.S. PATENT NO. 7,169,418

7. On January 30, 2007, the United States Patent & Trademark Office ("USPTO") duly and legally issued United States Patent 7,169,418 ("the '418 Patent"), entitled "Packaging System To Provide Fresh Packed Coffee." The '418 Patent was issued to inventors David Dalton, James Smith, James Bono, Sameer Mungur, Douglas Zeik, Aisha Barry, and Jennifer Ruth Floyd. These inventors have assigned all rights and interest in the '418 Patent to P&G. A true and correct copy of the '418 Patent is attached hereto as Exhibit A.

8. Kraft has infringed and continues to infringe the '418 Patent. The infringing acts consist of the manufacture, use, sale and/or offer for sale of Kraft's Maxwell House roast and ground coffee in a 48-ounce, plastic container. Kraft is liable for infringement of the '418 Patent pursuant to 35 U.S.C. § 271. Kraft's infringing product is shown immediately below:



9. Kraft's acts of infringement have caused and are causing damage to P&G. P&G is entitled to recover from Kraft the damages sustained by P&G as a result of Kraft's infringement in an amount to be proven at trial. Kraft's infringement of P&G's rights under the '418 Patent also is causing, and will continue to cause, irreparable harm to P&G's business, for which there is no adequate remedy at law, unless Kraft is enjoined by this Court.

10. Upon information and belief, Kraft's infringement of the '418 Patent is willful and deliberate, entitling P&G to increased damages under 35 U.S.C. § 284 and attorney fees incurred in prosecuting this action under 35 U.S.C. § 285.

### INFRINGEMENT OF U.S. PATENT NO. 7,169,419

11. On January 30, 2007, the USPTO duly and legally issued U.S. Patent No. 7,169,419 ("the '419 Patent"), entitled "Packaging System To Provide Fresh Packed Coffee." The '419 Patent was issued to inventors to inventors David Dalton, Kerry Weaver and Thomas Manske, Jr. These inventors have assigned all rights and interest in the '419 Patent to P&G. A true and correct copy of the '419 Patent is attached hereto as Exhibit B.

12. Kraft has infringed and continues to infringe the '419 Patent. The infringing acts consist of the manufacture, use, sale and/or offer for sale of Kraft's Maxwell House roast and ground coffee in a 48-ounce, plastic container. Kraft is liable for infringement of the '419 Patent pursuant to 35 U.S.C. § 271.

13. Kraft's acts of infringement have caused and are causing damage to P&G. P&G is entitled to recover from Kraft the damages sustained by P&G as a result of Kraft's infringement in an amount to be proven at trial. Kraft's infringement of P&G's rights under the '419 Patent also is causing, and will continue to cause, irreparable harm to P&G's business, for which there is no adequate remedy at law, unless Kraft is enjoined by this Court.

14. Upon information and belief, Kraft's infringement of the '419 Patent is willful and deliberate, entitling P&G to increased damages under 35 U.S.C. § 284 and attorney fees incurred in prosecuting this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff P&G prays for judgment and seeks relief against Defendant Kraft as follows:

(a) For judgment that the '418 Patent has been infringed by Kraft;

(b) For judgment that the '419 Patent has been infringed by Kraft;

(c) For preliminary and permanent injunctions enjoining the aforesaid acts of infringement by Kraft, its officers, agents, servants, employees, subsidiaries and attorneys, and those persons acting in concert with Kraft, including related individuals and entities, customers, representatives, dealers, and distributors;

(d) For an award of actual damages;

(e) For an award of pre-judgment and post-judgment interest, according to proof;

(f) For an award of enhanced damages pursuant to 35 U.S.C. § 284;

(g) For an award of attorney fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

(h) For all costs of suit; and

(i) For such other and further relief as the Court may deem just and proper.

Dated: September 23, 2008

Respectfully submitted,

By _____
Patrick D. Lane (0012704)
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, OH 45202
Phone: 513-977-8115
Fax: 513-977-8141
E-mail: pat.lane@dinslaw.com

**Of Counsel:**

William C. Rooklidge, Esq.
   (*pro hac vice* admission pending)
Martha K. Gooding, Esq.
   (*pro hac vice* admission pending)
Ben M. Davidson, Esq.
   (*pro hac vice* admission pending)
Gregory S. Cordrey, Esq.
   (*pro hac vice* admission pending)
HOWREY LLP
4 Park Plaza, Suite 1700
Irvine, CA 92614
Phone:  949-721-6900
Fax:     949-721-6910
E-mail: rooklidgew@howrey.com
E-mail: goodingm@howrey.com
E-mail: davidsonb@howrey.com
E-mail: cordreyg@howrey.com


## JURY DEMAND

P&G demands a jury trial on all issues that are triable by right to a jury.

Dated:  September 23, 2008

Respectfully submitted,

By _____
Patrick D. Lane (0012704)
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, OH 45202
Phone: 513-977-8115
Fax:    513-977-8141
E-mail: pat.lane@dinslaw.com